UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

EVA DE SHIPPING, LLC

    Plaintiff,

v.

U.S. CUSTOMS & BORDER PROTECTION,
and KEVIN K. McALEENAN,
COMMISSIONER OF U.S. CUSTOMS &
BORDER PROTECTION

    Defendants.
_____/

**COMPLAINT FOR RETURN OF PROPERTY AND
EQUITABLE RELIEF PURSUANT TO RULE 41(g), FED.R.CRIM. P.,
THE FOURTH AND FIFTH AMENDMENT OF THE CONSTITUTION
AND THE SUPERVISORY POWERS OF THE COURT**

Plaintiff, EVA DE SHIPPING, LLC, ("Eva De") through undersigned counsel, sues U.S. CUSTOMS & BORDER PROTECTION and KEVIN K. McALEENAN, COMMISSIONER OF U.S. CUSTOMS & BORDER PROTECTION, (collectively "CBP") for equitable relief pursuant to Rule 41(g), Fed. R. Crim.P., the Fourth, and Fifth Amendments of the United States Constitution and the supervisory powers of this Court, and requests that the Court enter judgment in its favor directing the Government to release the M/V Doris T, seized by CBP from Eva De on March 20, 2019. In support of this Complaint, Eva De alleges:

**NATURE OF THE ACTION**

This is an action for return of property, namely an ocean freighter called the M/V Doris T, and other equitable relief invoking the equitable jurisdiction of the Court and its supervisory

powers pursuant to Rule 41(g), Fed. R. Crim. P, (motion for return of property), which is treated as a civil complaint in equity where these is no pending criminal proceeding, and for violation of the Fourth, Fifth and Eighth Amendments to the Federal Constitution. This action is brought against the Defendants for having officially seized on March 20, 2019, without probable cause, proper notice or just cause, the M/V Doris T while moored on the Miami River for an alleged violation of 19 U.S.C. Section 1703 (vessel outfitted for smuggling). Eva De requested from CBP the specific notice of the nature of and the facts underlying the purported violation but was refused. Without such information, Eva de is deprived of procedural due process and is unable to defend its property nor otherwise respond to the alleged violation, while CBP restrains the vessel in port, causing a drastic loss of business and income to Eva De and employment for the crew of the M/V Doris T.  Eva De clearly has no adequate remedy at law for these violations of the Fourth and Fifth Amendments, and as such, this action demands, through the equitable power of this Court, a judgment compelling the Defendants to release the M/V Doris T along with an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. A photo of the M/V Doris T is attached as Exhibit 1.

## JURISDICTION AND VENUE

1.  Jurisdiction over this action is pursuant to 28 U.S.C. Secs. 1331, 1356, 1651, Rule 41(g), Fed. R. Crim. P., the equitable jurisdiction of the Court and the Fourth, and Fifth Amendments to the Federal Constitution.

2.  Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(e)(1) as the events giving rise to this claim substantially occurred in the Southern District of Florida and Plaintiff's property is located in the Southern District of Florida.

## PARTIES

3.  Plaintiff Eva De is a Florida Limited Liability Company with offices in Miami-Dade County, Florida. Eva De is the owner of the M/V Doris T. Its Member is Milfort Sanon, a resident of Broward County, Florida.

4.  Defendants are United States Customs and Border Protection ("CBP") an agency of the Department of Homeland Security of the United States government and Kevin M. McAleenan, the Commissioner of CBP, who directs the actions of the agency.

## FACTS COMMON TO ALL COUNTS

5.  Eva De is the owner and operator of the M/V Doris T, a 79 meter long (approximately 260 feet), 1,973 gross ton ocean freighter which calls between Florida and Haiti. The M/V Doris T was built in 1977 and has been owned by Eva De since 2016. Its homeport is the Miami River.

6.  The M/V Doris T travels from Florida to Haiti and back every 1 ¼ months.

7.  On one of its journeys in the ordinary course of business, the M/V Doris T left Port de Paix, Haiti and arrived at the Miami River and moored on January 18, 2019. Prior to arrival, Caribbean Ship Services, Inc. ("CSS"), the ship's management company and operator, sent prior notices to the United States Coast Guard, United States Department of Agriculture, and CBP, as is normally done when the vessel is to arrive in the United States. In addition, CSS also presented the M/V Doris T's vessel bond to CBP as normal.

8.  Upon arrival of the vessel in Miami, CBP performed a crew inspection, as is normal for a freighter arriving from outside the United States. All crewmembers except for 1 were allowed to depart the vessel and provided the customary 29 day immigration pass. The one crew member detained aboard the vessel was due to it being his first visit to the United States.

9.      The next scheduled voyage for the M/V Doris T was supposed to be pursuant to a time charter agreement which Eva De had concluded with Dependable Cargo Shipping Line, Inc. on December 21, 2018.  Pursuant to the time charter agreement, Eva De was to place the M/V Doris T at the disposal of the charter party, Dependable Cargo Shipping Line, Inc. on January 18, 2019 but after the vessel was cleared by CBP. Then the charter party would load the vessel with its cargo, and sail to Haiti along with the vessel's crew and then return to Miami.

10.     CBP came aboard the vessel and began its entrance inspection on January 22, 2019. The Coast Guard placed a "Captain of the Port" (COPT) hold on the vessel in the interim. On January 28, 2019, CBP informed Coast Guard that the vessel had a leak.  From January 31, 2019 through February 5, 2019 several physical inspections of a variety of ballast tanks, fuel tanks and other miscellaneous tanks were conducted by both Coast Guard and CBP, no leaks were detected. However, Eva De had to hire surveyors at substantial cost to certify the tanks as safe for the inspections. The assertion by CBP to the Coast Guard that there was a leak on the vessel was false.

11.     During the inspections the Coast Guard listed a number of technical and procedural deficiencies for Eva De to have repaired or rectified on the vessel, none having to do with any allegations of smuggling or being "outfitted for smuggling". Those repairs were completed and on March 15, 2019, the Coast Guard rescinded its COPT hold on the M/V Doris T. The vessel's charter party, Dependable Cargo Shipping, Inc. was allowed by CBP and Coast Guard to load its cargo for the next voyage to Haiti.

12.     During the entire two-month period inspections were being conducted aboard the M/V Doris T, and during the COPT hold, the vessel's crew and Master were allowed to live on board, and the owner and operator had full access to the vessel. Furthermore, neither CSS nor Eva De

was interviewed by CBP nor did CBP ever request or review any of the original vessel drawings of the structure of the M/V Doris T to ascertain which compartments were original construction.

13. During the next week, between March 16, 2019 and March 22, 2019, the charter party, Dependable Cargo Shipping, Inc. loaded several thousand pounds of cargo aboard the M/V Doris T for the voyage to Haiti.

14. On March 22, 2019 almost 2 months after CBP had conducted its own inspection of the vessel, a CBP supervisor contacted CSS early that morning to inform it and Eva De that CBP had seized the vessel. See, Form 6051S Custody Receipt, attached as Exhibit 2.

15. As a result of the CBP seizure, the crew of the vessel was removed and flown to Haiti as required under CBP form I-259. Dependable Cargo Shipping, Inc.'s cargo remains onboard the M/V Doris T.

16. On April 5, 2019, Eva De, through its counsel, received a seizure letter from CBP stating that it was seized for a violation of, "Title 19 United States Code Section 1703 (vessels outfitted for smuggling)". See, Seizure letter dated April 5, 2019 attached as Exhibit 3. No facts underlying the reason for the seizure was contained in the seizure letter.

17. To the day of the filing of this Complaint, the M/V Doris T remains seized and moored on the Miami River loaded with the charter party's cargo. Neither Eva De, CSS or the charter party have been permitted aboard the vessel, nor otherwise allowed to inspect how the vessel is allegedly "outfitted" for smuggling.

18. Plaintiff has retained undersigned counsel to prosecute these proceedings and agreed to pay him a reasonable attorney's fee.

**COUNT I**
**(Equitable Relief Under Rule 41(g)**
**Motion for Return of Property)**

19.    Plaintiff realleges Pars. 1-18 of this Complaint as if fully alleged and incorporated herein.

20.    Pursuant to Rule 41(g), Fed. R. Crim. P. a party aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

21.    An action under Rule 41(g), Fed. R. Crim. P., when there is no pending criminal proceeding, invokes the Court's equitable powers to enter relief that the Government return Plaintiff's property and is treated as a civil complaint, governed by the Federal Rules of Civil Procedure. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).

22.    Plaintiff is the owner of and has a possessory interest in the M/V Doris T.

23.    The Plaintiff has clean hands.

24.    Defendants' continued seizure and restraint of the M/V Doris T is unlawful in that there is no probable cause for seizure or forfeiture of the property, in violation of the Fourth Amendment to the Constitution.

25.    Eva De is aggrieved by the continued deprivation of its property and is losing business and income due to the inability to have access and use of its vessel.

26.    Eva De nor its property, the M/V Doris T, is in violation of any federal law.

27.    This Court has equitable jurisdiction and the power to provide relief to Eva De as no judicial civil forfeiture action at law against the property has been filed.

28.    Eva De has no adequate remedy at law.

29.    Eva De is suffering irreparable harm due to Defendants' continued restraint and seizure of the M/V Doris T, by threatening Eva De's viability as a business as the M/V Doris T and its voyages are Eva De's only business and source of revenue.

30. Defendants have displayed a callous disregard for the Constitutional rights of Eva De by depriving it of its vessel without due process of law under the Fifth Amendment, and without probable cause or reason for their continued possession of its property under the Fourth Amendment.

31. Defendants' continued retention of Eva De's property is unreasonable and there is no legitimate interest requiring Defendants' retention of the property.

32. If this Court does not act under its equitable jurisdiction, Defendants will have in effect, accomplished a <u>de facto</u> forfeiture in violation of civil and criminal forfeiture statues, and the protections of the Constitution.

WHEREFORE, Plaintiff Eva De requests that this Court exercise its equitable jurisdiction pursuant to Rule 41(g), Fed. R. Crim. P., the Fourth Amendment to the Constitution and the Court's supervisory powers and render judgment that the Defendants release the M/V Doris T to Eva De forthwith, along with whatever other relief is just and proper, including an award of reasonable attorneys' fees under the Equal Access to Justice Act.

## COUNT II
**(Fifth Amendment Procedural Due Process)**

33. Plaintiff realleges pars. 1-18 as if fully set forth and incorporated herein.

34. CBP seized the M/V Doris T without notice as to the specific reason for such seizure except to state that there appeared to be a false compartment on board. Where such compartment was on the vessel and how it was "false" or otherwise secreted on board is unknown.

35. On April 5, 2019, CBP issued a seizure letter that for the basis of seizure of the vessel only cites a statute and the states in parentheses next to the statutory cite "vessel outfitted for

smuggling".  No other information regarding the probable cause or factual basis for the seizure is contained in the April 5th letter.

36. The seizure letter fails to provide the notice required by CBP's own regulations regarding seizure notices. Pursuant to 19 C.F.R. Sec. 162.31(b)(2), a seizure notice must include "(a) description of the specific acts or omissions forming the basis of the alleged violations". No description of specific acts or omissions is contained in the seizure letter, such that it provides no notice of the underlying facts supporting CBP's seizure of the M/V Doris T.

37. Counsel for Eva De requested, on April 5, 2019 after receiving the seizure letter from CBP via email, that CBP provide Eva De the facts underlying the probable cause for the seizure of the M/V Doris T. In response, on April 9, 2019 the Fines, Penalties & Forfeiture Office of CBP refused to provide any facts underlying the alleged violation or reason for seizure of the M/V Doris T.

38. Without notice of the facts underlying the seizure by CBP, Eva De is wholly unable to defend the vessel or otherwise challenge the seizure in any forum or tribunal. Eva De is without an adequate remedy at law.

39. Defendants' violation of Fifth Amendment procedural due process is causing Eva De irreparable harm, by depriving it of the vessel that is the sole asset, source of business and revenue for Eva De. Without the vessel, Eva De is essentially out of business.

40. Defendants' continued retention of Eva De's vessel is unreasonable and there is no legitimate interest requiring Defendants' continued seizure of the vessel.

41. Because of the Defendants' violation of Plaintiff's Fifth Amendment procedural due process rights due to lack of adequate notice of the facts of the purported violation, the Court should order the release of Plaintiff's property to Eva De forthwith. See, United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983).

WHEREFORE, Plaintiff Eva De requests that this Court exercise its equitable jurisdiction pursuant to Rule 41(g), Fed. R. Crim. P., and the Fifth Amendment to the Constitution and the Court's supervisory powers and render judgment that the Defendants release the M/V Doris T forthwith, along with whatever other relief is just and proper including an award of attorneys' fees under the Equal Access to Justice Act.

Dated: April 12, 2019

                                        Respectfully Submitted,

                                        **BECERRA LAW, P.A.**

                                        /s/
                                        Robert J. Becerra, B.C.S.
                                        Florida Bar No. 0856282
                                        Counsel for Plaintiff
                                        1001 Brickell Bay Drive
                                        Suite 1200
                                        Miami, Florida  33131
                                        Tel: 305-375-0112
                                        E-mail: rbecerra@rjbecerralaw.com

                                        **GRAYROBINSON P.A.**

                                        /s/ Peter A. Quinter
                                        Fla. Bar No. 821608
                                        Co-Counsel for Plaintiff
                                        333 S.E. 2nd Avenue
                                        Suite 3200
                                        Miami, Florida 33131
                                        Ph: (305) 416-6960
                                        Fax: (305) 416-6887
                                        E-mail: peter.quinter@gray-robinson.com