UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.19-21394-CIV-ALTONAGA/GOODMAN

EVA DE SHIPPING, LLC

Plaintiff,

v.

U.S. CUSTOMS & BORDER PROTECTION,
and KEVIN K. McALEENAN,
COMMISSIONER OF U.S. CUSTOMS &
BORDER PROTECTION

Defendants.

_________________________________________/

**EVA DE SHIPPING LLC'S EXPEDITED MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, EVA DE SHIPPING, LLC, ("Eva De") through undersigned counsel, files this Expedited Motion for Preliminary Injunction and Incorporated Memorandum of Law, pursuant to Rule 65, Fed. R. Civ. P. and S.D. Fla. Rule 7.1 (d)(2), and in support hereof, states the following:

**INTRODUCTION**

Plaintiff has filed an action for return of property, namely an ocean freighter called the M/V Doris T, and other equitable relief invoking the equitable jurisdiction of the Court and its supervisory powers pursuant to Rule 41(g), Fed. R. Crim. P, (motion for return of property), which is treated as a civil complaint in equity where these is no pending criminal proceeding, and for violation of the Fourth, and Fifth Amendments to the Federal Constitution. The action is brought against the Defendants for having officially seized on March 20, 2019, without probable cause, proper notice or just cause, the M/V Doris T while moored on the Miami River for an alleged violation of 19 U.S.C. Section 1703 (vessel outfitted for smuggling). Eva De requested from CBP

the specific notice of the nature of and the facts underlying the purported violation but was refused. Without such information, Eva de is deprived of procedural due process and is unable to defend its property nor otherwise respond to the alleged violation, while CBP restrains the vessel in port, causing a drastic loss of business and income to Eva De and employment for the crew of the M/V Doris T. Eva De has no adequate remedy at law for these violations of the Fourth and Fifth Amendments and the vessel's continued detention is causing it irreparable harm. Eva De has a substantial likelihood of success on the merits of its Complaint and a preliminary injunction would serve the public interest. As such, this motion requests, through the equitable power of this Court, an order compelling the Defendants to comply with their own regulations to provide specific notice of the facts underlying the seizure and release the M/V Doris T during the pendency of this action in order to prevent the demise of Eva De due to the seizure by CBP of the M/V Doris T.

## FACTS

1. Eva De is the owner and operator of the M/V Doris T, a 79 meter long (approximately 260 feet), 1,973 gross ton ocean freighter which calls between Florida and Haiti. The M/V Doris T has been owned by Eva De since 2016. Its homeport is the Miami River. Sanon Dec. at par. 3, attached as Exhibit 1.

2. The M/V Doris T travels from Florida to Haiti and back every 1 ¼ months. Id.

3. On one of its journeys in the ordinary course of business, the M/V Doris T left Port de Paix, Haiti and arrived at the Miami River and moored on January 18, 2019. Prior to arrival, Caribbean Ship Services, Inc. ("CSS"), the ship's management company and agent, sent prior notices to the United States Coast Guard, United States Department of Agriculture, and CBP, as is normally done when the vessel is to arrive in the United States. In addition, CSS also presented the M/V

Doris T's vessel bond to CBP as normal. Sanon dec. at par. 8; Dubin dec. at par. 8, attached as Exhibit 2.

4. Upon arrival of the vessel in Miami, CBP performed a crew inspection, as is normal for a freighter arriving from outside the United States. All crewmembers except for 1 were allowed to depart the vessel and provided the customary 29 day immigration pass. The one crew member detained aboard the vessel was due to it being his first visit to the United States. Dubin dec. at par.

5. The next scheduled voyage for the M/V Doris T was supposed to be pursuant to a time charter agreement which Eva De had concluded with Dependable Cargo Shipping Line, Inc. on December 21, 2018. Pursuant to the time charter agreement, Eva De was to place the M/V Doris T at the disposal of the charter party, Dependable Cargo Shipping Line, Inc. on January 18, 2019, but after the vessel was cleared by CBP. Then the charter party would load the vessel with its cargo, and sail to Haiti along with the vessel's crew and then return to Miami. Dubin dec. at par. 10; Sanon dec. at par. 10.

6. CBP came aboard the vessel on January 18th and began its entrance inspection which was still pending on January 22, 2019. The Coast Guard placed a "Captain of the Port" (COPT) hold on the vessel in the interim. On January 28, 2019, CSS was informed by Coast Guard that CBP found a leak on the vessel. From January 31, 2019 through February 5, 2019 several physical inspections of a variety of ballast tanks, fuel tanks and other miscellaneous tanks were conducted by both Coast Guard and CBP, no leaks were detected. Dubin of CSS was present for those several physical inspections of a variety of ballast tanks, fuel tanks and other miscellaneous tanks. These inspections required ballast to be moved from tank to tank, or for tanks to be otherwise drained, which CSS planned and managed on behalf of the vessel. No leaks were found. The issue was at most a record keeping error by CSS regarding the amount of fluid in the tanks reported to the Coast

Guard. Eva De and CSS had to hire surveyors at substantial cost to Eva De to certify the tanks as safe for those inspections by CBP and Coast Guard. At no time, during any of these tank inspections, was any concern regarding the existence of any secret compartments or the vessel being outfitted for smuggling ever raised by CBP or the Coast Guard and communicated to CSS or Eva De. The original assertion by CBP to the Coast Guard that there was a leak on the vessel was false, as no leak was detected. The assertion by CBP to the Coast Guard that there was a leak on the vessel was false. See Dubin declaration at par. 11; Sanon dec. at par. 11.

7. During the inspections the Coast Guard listed a number of technical and procedural deficiencies for Eva De to repair and rectify on the vessel, none having to do with any allegations of smuggling or being "outfitted for smuggling". Those repairs were completed and on March 15, 2019, the Coast Guard rescinded its COPT hold on the M/V Doris T. The vessel's charter party, Dependable Cargo Shipping, Inc. was allowed by CBP and Coast Guard to load its cargo for the next voyage to Haiti. Sanon dec. at par. 12.

8. During the entire two-month period inspections were being conducted aboard the M/V Doris T, by CBP and Coast Guard, and during the COPT hold, the vessel's crew and Master were allowed to live on board, and the owner and manager had full access to the vessel. Furthermore, neither CSS nor Eva De was interviewed by CBP nor did CBP ever request or review any of the original vessel drawings of the structure of the M/V Doris T to ascertain which compartments were original construction and thus any alleged compartments were not "outfitted for smuggling". Since Eva De has owned the vessel, the only structural change to the M/V Doris T was the addition of a cargo crane to the deck; no compartments have been installed. Dubin dec. at par. 13; Sanon dec. at par. 13, 18.

9. During the next week, between March 16, 2019 and March 22, 2019, the charter party, Dependable Cargo Shipping, Inc. loaded several thousand pounds of cargo aboard the M/V Doris T for the voyage to Haiti. Sanon dec. at par. 14.

10. On March 22, 2019 almost 2 months after CBP had conducted its own inspection of the vessel, a CBP supervisor contacted CSS early that morning to inform it and Eva De that CBP had seized the vessel. See, Form 6051S Custody Receipt, attached as Exhibit 2 to the Complaint; Dubin dec. at par. 15.

11. As a result of the CBP seizure, the crew of the vessel was removed and flown to Haiti as required under CBP form I-259. Dependable Cargo Shipping, Inc.'s cargo remains onboard the M/V Doris T. Dubin dec. at par. 16; Sanon dec. at par. 16.

12. On April 5, 2019, Eva De, through its counsel, received a seizure letter from CBP stating that it was seized for a violation of, "Title 19 United States Code Section 1703 (vessels outfitted for smuggling)". See, Seizure letter dated April 5, 2019 attached as Exhibit 3 to the Complaint. No facts underlying the reason for the seizure was contained in the seizure letter. Eva De's counsel requested that CBP comply with its own regulations to provide notice of the specific facts upon which the seizure was based, and that request was refused. See, emails dated April 5, 2019 and April 9, 2019, between Peter Quinter, Esq., and Jeannie Perez of Fines, Penalties & Forfeitures of CBP, attached as Exhibit 3; Dubin dec. at par. 17; Sanon dec. at par. 17.

13. To the day of the filing of this Complaint, the M/V Doris T remains seized and moored on the Miami River loaded with the charter party's cargo. Neither Eva De, CSS or the charter party have been permitted aboard the vessel, nor otherwise allowed to inspect how the vessel is allegedly "outfitted" for smuggling. Sanon dec. at par. 19.

14. Due to the seizure of the M/V Doris T, Eva De is losing approximately $80,000 on the charter to Dependable Shipping along. In addition, Dependable Shipping is paying the dock where the vessel is moored $1,333 per day, which Dependable Shipping will seek reimbursement from Eva De. Sanon dec. at par. 20.

**MEMORANDUM OF LAW**

The Eleventh Circuit has stated that the "grant or denial of a preliminary injunction is a decision within the sound discretion of the district court." Sierra Club v. Georgia Power Co., 180 F.3d 1309, 1311 (11th Cir. 1999). The Court requires the party moving for a preliminary injunction to meet four factors: (1) the moving party demonstrates a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury or harm; (3) the threatened injury outweighs the harm the preliminary injunction would cause to the non-moving party, and (4) the preliminary injunction would not be adverse to the public interest. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-1035 (11th Cir. 2001); Warren Publ'g, Inc. v. Microdos Data Corp., 115 F.3d 1509, 1516 (11th Cir. 1997); Teper v. Miller, 82 F.3d 989, 992 n.3 (11th Cir. 1996); Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl., 896 F.2d 1283, 1284 (11th Cir.1990); Haitian Refugee Center, Inc. v. Nelson, 872 F.2d 1555, 1561-62 (11th Cir. 1989); Canal Auth. of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

**Argument**

Here, the Court should exercise its discretion to grant a preliminary injunction in favor of Eva De due it the Defendants' violations of its Fourth and Fifth Amendment rights relating to the M/V Doris T. Eva De can meet the four factors necessary for the exercise of the Court's discretion and will review each below.

**Factors in Favor of Injunctive Relief**

**1. Substantial Likelihood of Success on the Merits**

Eva De submits that there is a substantial likelihood that it will prevail on its Rule 41(g), Fourth and Fifth Amendment claims contained in the Complaint. CBP has failed to allege any facts constituting probable cause for seizure or forfeiture of the M/V Doris T on the ground that it is "outfitted for smuggling." See U.S. v. Sims, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property."). Furthermore, under the Fifth Amendment, procedural due process rights arise in the context of agency decision-making whenever an agency decides not to follow one of its own rules. Government of Canal Zone v. Brooks, 427 F.2d 346, 347 (5th Cir. 1970). It is well established that it is a denial of due process for any government agency to fail to follow its own regulations providing for procedural safeguards to persons involved in adjudicative processes before it. Campos v. I.N.S. 32 F.Supp 2d 1337, 1348 (S.D. Fla. 1998).

19 C.F.R.Sec. 162.31(b), pertaining to notices from Customs and Border Protection of fines, penalties or forfeitures incurred, states in relevant part:

**(b)***Contents of notice.* The notice shall contain the following:

**(1)** The provisions of law alleged to have been violated;

**(2)** A description of the specific acts or omissions forming the basis of the alleged violations…

Here, CBP, despite being informed by Eva De's counsel that its notice of seizure was deficient under its own rules, due to its complete absence of the specific acts or omissions forming the basis of the alleged violation of 19 U.S.C. Sec. 1703, ignored Plaintiff's request for the facts underlying the seizure so that Eva De could defend its vessel against the agency's deprivation of its property. As stated above, it's a denial of due process rights for any government agency to fail to follow it own rules. It is also a violation of procedural due process for a government agency to refuse to provide a company like Eva De the information supporting the probable cause for the seizure of its property, thereby blindfolding Eva De in its attempt to defend the M/V Doris T from forfeiture to the government.

In addition, the forfeiture procedure outlined in the April 5, 2019 seizure letter from CBP is unavailing to Eva De. It is undersigned counsels' experience that filing a claim and cost bond for a referral to judicial forfeiture proceedings results in a delay of at least several months before a referral to the United States Attorneys' Office is made by CBP and a decision to file a civil forfeiture complaint is made. That procedure arguably is a "remedy at law" but it certainly is not an "adequate" remedy at law, as the several month delay incurred during the process, all the while the M/V Doris T is secuestered and unable to sail by CBP, is a death knell to Eva De. As such, Eva De maintains that the constitutional violations herein and the existing inadequate remedies evidence that it has a substantial likelihood of success on the merits on its Rule 41(g), Fourth and Fifth Amendment claims against the Defendants.

**2. Irreparable Harm**

This factor very heavily weighs in favor of Eva De. The M/V Doris T is its only asset and can only produce revenue for Eva De when it is sailing and transporting cargo. Without the M/V Doris T, Eva De has no revenues or ability to otherwise make money or sustain its business, which

is shipping cargo by ocean. If relief is not granted, Eva De is essentially out of business, which is irreparable harm. Nonetheless, as a general matter, there is a presumption of irreparable harm when there is an alleged deprivation of constitutional rights. See, e.g. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed. 2d 547 (1976); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984)("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary".) Here, not only is there a presumption of irreparable harm due to the constitutional violations by Defendants, there is actual irreparable harm due to the deprivation of Eva De's property, the M/V Doris T, as Eva De is now unable to conduct business or otherwise sustain itself without its only asset. The irreparable harm that will occur with continued seizure of the M/V Doris T is established.

**3. Balance of Harms**

Eva De maintains that the irreparable harm it faces, namely closure due to the deprivation of its only asset and revenue source due to constitutional violations, far outweighs any perceived harm to Customs and Border Protection if the Court exercises its discretion to order injunctive relief. Here, there has been no allegation that the M/V Doris T in fact has been engaged in any smuggling activity, nor has otherwise been dealing in contraband. It was only after the vessel had been in port for over two months that CBP finally seized it, in spite of the fact that its crew, owner, manager had full access to the vessel during that entire time. There are no criminal cases pending regarding the vessel. Neither owner and manager of the vessel were ever questioned regarding the M/V Doris T somehow being "outfitted for smuggling". The vessel only calls on two ports; one in Haiti, and one in Miami. If the vessel were not restrained, it would continue its regular service between those two locales, as it had done since Eva De has owned it. Balancing the harms, on one side the end of Eva De's existence as a business and the charter party not being able to deliver its

cargo, and the other side being CBP continuing to violate its own regulations regarding notices of seizure and restraining a vessel that has not been found to have actually smuggled anything, the balance of harms is clearly in favor Eva De. The irreparable harm it faces is clearly greater than any harm faced by CBP if the vessel were to be released. This factor weighs in favor of injunctive relief.

**4. Public Interest**

The public interest will not be harmed by entry of a preliminary injunction in Eva De's favor. First, there is a public interest in having CBP follow its own regulations and provide procedural due process so that companies like Eva De can challenge seizures. In addition, the M/V Doris T is a freighter with regular cargo service between Haiti and Miami. There is a public interest served in it being allowed to transport cargo to Haiti, an impoverished country, from Miami so that that nation's commerce with the U.S. may be furthered and Haiti's people may receive the goods. In addition, there has never been an allegation that the M/V Doris T has ever transported or smuggled contraband in any alleged secret compartments or in any other mode of being "outfitted for smuggling". None of its crew, its operator or owner were ever even questioned regarding any alleged outfitting of the vessel for smuggling. The allegation that the M/V Doris T may have been outfitted for smuggling, appears to Eva De to be sheer speculation. The public interest weighs in favor of injunctive relief, so that the M/V Doris T can continue to promote legitimate commerce and exports from Miami to Haiti.

**CONCLUSION**

The four factors weigh in favor of injunctive relief in this case. Eva De has a substantial likelihood of success on the merits of its Constitutional claims; it will suffer irreparable harm if the Court does not grant injunctive relief; the balance of harms is in favor of Eva De; and the entry

of an injunction will not harm the public interest. Eva De asks this Court to order CBP to follow its own regulations and provide Eva De with the specific facts underlying the basis for CBP's seizure of the vessel. Eva De also requests that it, along with its counsel and surveyor, be allowed to inspect the vessel so that it may see what CBP maintains is some secret compartment "outfitted for smuggling" and take photos as needed. Eva De also asks that this court, during the pendency of this case, order that its vessel, the M/V Doris T, be released in order to continue its ordinary course of business – the ocean transportation of cargo from Haiti to Miami.

**REQUEST FOR HEARING**

Eva De requests an expedited hearing on this Motion in order to resolve any disputed issues of material fact and to further address the factors which Eva De believe support its request for preliminary injunctive relief. The request is made on an expedited basis pursuant to S.D.Fla. Rule 7.1(d)(2) given the irreparable harm that Eva De will incur due to continued restraint of the M/V Doris T. Plaintiff requests a hearing the week of April 29 or as soon thereafter the Court may permit.

WHEREFORE, Plaintiff Eva De Shipping LLC respectfully requests that this motion be granted.

Respectfully Submitted,

**BECERRA LAW, P.A.**

/s/
Robert J. Becerra, B.C.S.
Florida Bar No. 0856282
Counsel for Plaintiff
1001 Brickell Bay Drive
Suite 1200
Miami, Florida 33131
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com

**GRAYROBINSON P.A.**

/s/ Peter A. Quinter___________
Fla. Bar No. 821608
Co-Counsel for Plaintiff
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida 33131
Ph: (305) 416-6960
Fax: (305) 416-6887
E-mail: peter.quinter@gray-robinson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 22nd day of April 2019 via the Clerk of Court's CM/ECF service on counsel for the Defendants, and a hard copy was also sent by United States Mail to the United States Attorneys' Office, 99 N.E. 4th Street, Miami, Florida 33132; the Attorney General of the United States, U.S. Dept. Of Justice, 950 Pennsylvania Avenue NW, Washington D.C. 20530 and Kevin McAleenan, Commissioner, Customs and Border Protection, 1300 Pennsylvania Avenue NW, Washington DC 20229.

_____/s/____________________
ROBERT J. BECERRA