**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21394-CIV-ALTONAGA/Goodman**

**EVA DE SHIPPING LLC**,

      Plaintiff,

v.

**U.S. CUSTOMS AND BORDER**
**PROTECTION (CBP)** and
**KEVIN MCALEENAN**,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*.  On April 23, 2019, Plaintiff, Eva De Shipping LLC, filed a Renewed Expedited Motion for Preliminary Injunction [ECF No. 11].  On May 16, 2019, Defendant, United States, filed a Motion to Dismiss [ECF No. 20], arguing the case should be dismissed because the Court does not have subject matter jurisdiction over the action. (*See generally id.*).

"In order to obtain a preliminary injunction, a plaintiff must establish the following four elements: (1) the moving party demonstrates a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would cause to the non-moving party, and (4) the preliminary injunction would not be adverse to the public interest."  *Oce N. Am., Inc. v. Caputo*, 416 F. Supp. 2d 1321, 1324–25 (S.D. Fla. 2006) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); other citations omitted).  "The plaintiff has the burden of persuasion as to each of these four elements." *Id.* at 1325 (citations omitted).

To rule on the Motion for Preliminary Injunction, the Court must assess whether Plaintiff

CASE NO. 19-21394-CIV-ALTONAGA/Goodman

shows "a substantial likelihood of success on the merits."  Antecedent to that question, however, is the question, raised by the Motion to Dismiss regarding whether the Court has jurisdiction over the action.  If subject matter jurisdiction does not exist, it is impossible for Plaintiff to proceed here and show a likelihood of success on the merits.  *See Stephens v. Goggans*, No. 2:14–cv–569, 2014 WL 3385072, at *2 (M.D. Ala. July 9, 2014) ("Plaintiff's inability to even state a claim within his Complaint evidences that he is unable to meet his burden of showing a substantial likelihood of success on the merits of his claims."); *see also Cramer v. Kerestes*, No. 3:15-CV-1360, 2015 WL 8149253, at *5 (M.D. Pa. Nov. 3, 2015) (recommending motion for preliminary injunction be denied without prejudice pending resolution of a motion to dismiss), *report and recommendation adopted by* No. 3:15-CV-1360, 2015 WL 7736867 (M.D. Pa. Dec. 1, 2015).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Renewed Expedited Motion for Preliminary Injunction **[ECF No. 11]** is **DENIED without prejudice**.  Plaintiff may re-file its request for a preliminary injunction should the Court find it has subject matter jurisdiction.

**DONE AND ORDERED** in Miami, Florida, this 17th day of May, 2019.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record