UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-21394-ALTONAGA

EVA DE SHIPPING, LLC,

    Plaintiff,

vs.

U.S. CUSTOMS AND BORDER PROTECTION,
AND KEVIN K. MCALEENAN,
COMMISSIONER OF U.S. CUSTOMS AND
BORDER PROTECTION,

    Defendants.
_____/

## UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 43]

The United States of America (hereinafter "United States" or "Government"), on behalf of named Defendants U.S. Customs and Border Protection and its Commissioner (the "Defendants"),[1] hereby files this reply to Plaintiff Eva De Shipping LLC's Response to United States' Motion To Dismiss Eva De Shipping LLC's Complaint for Lack of Subject Matter Jurisdiction and Request for Hearing ("Response") [ECF No. 43].  In its Response, Plaintiff Eva De Shipping LLC ("Plaintiff") acknowledges that there is a remedy at law that addresses its claim to the M/V Doris T (the "Subject Vessel"), but contends that such remedy is constitutionally inadequate because it received insufficient notice.  However, Plaintiff has failed to show how the notice it received, and then acted upon, was constitutionally deficient.  Accordingly, the Court should grant the United States' Motion To Dismiss Eva De Shipping LLC's Complaint for Lack

---

[1] Plaintiff has identified Kevin K. McAleenan as the Commissioner of U.S. Customs and Border Protection ("CBP") in this action.  Currently, John P. Sanders performs the functions and duties of CBP's Commissioner, and Kevin K. McAleenan serves at Acting Secretary for the Department of Homeland Security.  The undersigned counsel represent the named Defendants in this action, which include CBP and its Commissioner.

of Subject Matter Jurisdiction ("Motion To Dismiss") [ECF No. 42], and dismiss the Complaint [ECF No.1].  In further support of this reply, the United States submits the following legal and factual bases:

1.      In its Response, Plaintiff concedes that nonjudicial civil forfeiture proceedings have been instituted against the Subject Vessel, and that it has requested that a judicial civil forfeiture action be filed.  *Compare* Pl.'s Resp. 2-3, ECF No. 43 (indicating that it has filed a claim and cost bond) *with* U.S.'s Mot. To Dismiss 5-6, ECF No. 42.  In doing so, Plaintiff appears to have abandoned Count I of its Complaint, requesting equitable relief under Rule 41(g) of the Federal Rules of Criminal Procedure as a criminal rule is inapplicable to civil proceedings.  *See* U.S.'s Mot. To Dismiss 5-6 (citing and quoting *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989), and *United States v. Berry*, 580 F. App'x 770, 771 (11th Cir. 2014)); Complaint 6-7, ECF No.1.

2.      Instead, Plaintiff advances its procedural due process claim under Count II of the Complaint, and avers that it received constitutionally "inadequate notice of the basis of the violation that underlies the [Subject Vessel's] seizure." *See* Pl.'s Resp. 1; Complaint 7-8.  Plaintiff argues that the U.S. Customs and Border Protection ("CBP") did not comply with its own notice regulations, leading to a constitutional violation that demands the Court's exercise of equitable jurisdiction.  *See* Pl.'s Resp.  Such contention is both factually and legally meritless.

3.      There is no dispute that CBP's notice letter described the Subject Vessel, its value, and indicated that the "property is seized and subject to forfeiture under the provisions of Title 19[,] United States Code, Section 1703 (vessels outfitted for smuggling)." *Compare* Pl.'s Resp. *with* U.S.'s Mot. To Dismiss 7-8.  This description complied with CBP's notice regulations as it described the act forming the basis of the alleged violation.  *Accord* 19 C.F.R. § 161.31(b)(2) ("The

notice shall contain . . . [a] description of the specific acts or omissions forming the basis of the alleged violations.").

4. None of the cases cited by Plaintiff support its charge that such notice was constitutionally defective. On the contrary, the Fifth Circuit in *Government of Canal Zone v. Brooks*, 427 F. 2d 346 (5th Cir. 1970), a case that Plaintiff references repeatedly to bolster its procedural due process claim, held that there was no due process violation when the Army failed to comply with its regulations in giving notice to defendant "since the deviation in no way deprived him of the procedural safeguard of notice or prejudiced his rights in any adjudicative proceeding." *Compare Brooks*, 427 F.2d at 348 *with* Pl.'s Resp. 4, 5, 7.[2] *See also United States v. Bacon*, 546 F. App'x 496, 500-01 (5th Cir. 2013) (constitutional due process satisfied even when agency failed to adhere to notice regulations for forfeiture under Title 19, United States Code).

5. Here, Plaintiff has not shown, and cannot show, that it was deprived of the procedural safeguard of notice or prejudiced in any adjudicative proceeding. *See Brooks*, 427 F.2d at 348. Plaintiff not only received notice, but then also acted upon it by filing a claim and delivering a cost bond to request the adjudicative proceeding to which is it entitled: a judicial civil forfeiture action. Such judicial action is initiated by filing a civil forfeiture complaint, which will "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Supp. R. G(2)(f). Unlike in this collateral action, where Plaintiff admits the Court lacks jurisdiction to "review the <u>merits</u> of forfeiture decisions," the district court in a civil forfeiture action is empowered to review and decide on the facts underlying

---

[2] Plaintiff similarly misleads in citing *Campos v. INS*, 32 F. Supp. 2d 1337 (S.D. Fla. 1998), in which the district court had already determined that it had subject matter jurisdiction and assumed the complaint's allegations of prejudicial effect to be true in considering a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Compare* Campos, 32 F. Supp. 2d at 1348 *with* Pl.'s Resp. 7. Here, the Court has not yet determined that it has jurisdiction, and Plaintiff is not entitled to the Court's deference in determining a Rule 12(b)(1) motion.

the forfeiture. *Cf.* Pl.'s Resp. 7 (citing Eleventh Circuit's holding in *Mesa Valderrama v. United States*, 417 F.3d. 1189, 1195 (11th Cir. 2005)).

6. Recognizing that it cannot show prejudice based on notice, Plaintiff broadens its due process claim to suggest that forfeitures under Title 19, United States Code are *per se* constitutionally defective because they are not governed by the deadlines set forth in the Civil Asset Forfeiture Reform Act of 2002 ("CAFRA").[3] *See* Pl.'s Resp. 3 & n.2, (characterizing CAFRA's provisions as "procedural and due process protections" and emphasizing the lack of filing deadlines for Customs carve-out cases), 4, 9. However, due process does not require a judicial forfeiture action be instituted a month after filing a claim in administrative proceedings or two-and-a-half months after the seizure of property, as implied by Plaintiff. *Compare* Pl.'s Resp. 3-4, 9 *with e.g., United States v. $8,8450 in U.S. Currency*, 461 U.S. 555, 565 (1983) (no due process violation where civil forfeiture action commenced after 18 months) *and United States v. $57,443.00 in U.S. Currency*, 42 F. Supp. 2d 1293, 1299 (S.D. Fla. 1999) (23 months). Even in *Robinson v. United States*, 734 F.2d 735 (11th Cir. 1984), the sole case Plaintiff cites on prejudicial delay, the return of property was granted nearly a year after seizure, and four months after the United States failed to plead. *See* 734 F.2d at 737, 739.

7. Finally, the Court should deny Plaintiff's request for hearing. There are no facts in dispute, and the legal issues have now been fully briefed. Unless the Court has questions, it is unnecessary to hold "oral argument in order to explore the jurisdictional issues," as requested by Plaintiff.

---

[3] There is, however, a statute of limitations, which requires filing suit or action within five years after the alleged offense or two years after the discovery of the property subject to forfeiture. *See* 19 U.S.C. § 1621.

WHEREFORE, based upon the foregoing and the United States' Motion To Dismiss [ECF No. 42], the Court should dismiss the Complaint [ECF No. 1], pursuant to Rule 12(b)(1), (h) of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   *s/ Richard O.I. Brown*
       RICHARD O.I. BROWN
       Assistant United States Attorney
       500 Broward Boulevard, 7th Floor
       Fort Lauderdale, Florida 33394
       Tel: (954) 660-5779
       Fax: (954) 356-7180
       Admin. Bar No. A5500257

       *s/ Nalina Sombuntham*
       Nalina Sombuntham
       Assistant United States Attorney
       Fla. Bar No. 96139
       99 N.E. 4th Street, 7th Floor
       Miami, Florida 33132-2111
       Telephone: (305) 961-9224
       Facsimile: (305) 530-6166
       nalina.sombuntham@usdoj.gov

## **Certificate of Service**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic mail via CM/ECF on June 18, 2019, on all counsel or parties of record on the Service List below.

*s/ Richard O.I. Brown*
Richard O.I. Brown
Assistant United States Attorney

Service List

Peter Alan Quinter
GrayRobinson, P.A.
1221 Brickell Avenue Suite 1600
Miami, FL  33131
305-416-6960
Fax: 305-416-6887
peter.quinter@gray-robinson.com

Robert John Becerra
Becerra Law, P.A.
1001 Brickell Bay Drive Suite 1200
Miami, FL  33131
305-375-0112
rbecerra@rjbecerralaw.com
*Counsel for Plaintiff Eva De Shipping LLC*

Nalina Sombuntham
United States Attorney's Office
Southern District Of Florida
99 N.E. 4th Street
Miami, FL  33132
305-961-9224
nalina.sombuntham@usdoj.gov

Richard O.I. Brown
United States Attorney's Office
500 E. Broward Boulevard Suite 700
Fort Lauderdale, FL  33394
 (954) 356-7255
Fax: (954) 356-7336
richard.brown@usdoj.gov
*Counsel for United States, on behalf of Defendants U.S. Customs and Border Protection and its Commissioner*