UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21394-CIV-ALTONAGA/Goodman

**EVA DE SHIPPING, LLC**,

    Plaintiff,
vs.

**U.S. CUSTOMS & BORDER PROTECTION**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, U.S. Customs and Border Protection ("CBP") and its Commissioner's Motion to Dismiss Eva De Shipping, LLC's Complaint for Lack of Subject Matter Jurisdiction [ECF No. 42], filed June 11, 2019. Plaintiff, Eva De Shipping, LLC, filed its Response to United States' Motion to Dismiss [ECF No. 43], to which Defendants filed a Reply [ECF 44]. The Court has carefully reviewed the Complaint [ECF No. 1], the parties' written submissions, and applicable law. For the reasons that follow, the Motion is granted.

**I.**

The Plaintiff limited liability company is the owner of the 1977 260-foot ocean freighter M/V Doris T (the "Vessel") (*see* Compl. ¶ 3; Notice of Seizure [ECF No. 1-5]), and it brings this action for the return of the Vessel and other equitable relief (*see* Compl. 1). Plaintiff invokes the equitable jurisdiction of the Court and its supervisory powers under Federal Rule of Criminal Procedure 41(g), "which is treated as a civil complaint in equity where these [sic] is no pending criminal proceeding," and for violations of the Fourth, Fifth, and Eighth Amendments to the Constitution. (*Id.* 1–2). Plaintiff alleges after more than two months of inspections by CBP and

Vessel repairs performed on deficiencies noted by CBP (*see id.* ¶¶ 10–12), Defendants seized the Vessel on March 20, 2019 without probable cause, proper notice, or just cause, while she was moored on the Miami River, for an alleged violation of 19 U.S.C. section 1703 (vessel outfitted for smuggling). (*See id.* 2; Notice of Seizure). Plaintiff requested Defendants supply specific notice of the nature of and the facts underlying the purported violation, but they refused. (*See* Compl. 2). Neither Plaintiff; the charter party; nor the ship's management company and operator, Caribbean Ship Services, Inc., has been permitted aboard the Vessel or allowed to inspect how the Vessel was outfitted for smuggling. (*See id.* ¶¶ 7, 17).

Plaintiff alleges without the requested information, Plaintiff is deprived of procedural due process, is unable to defend its property, and cannot respond to the alleged violation, all the while Defendants restrain the Vessel in port, causing a drastic loss of business and income to Plaintiff and employment for the Vessel's crew.[1] (*See id.* 2). Plaintiff alleges it has no adequate remedy at law for the Fourth and Fifth Amendment violations, and as such, the action demands, through the Court's equitable powers, a judgment compelling Defendants release the Vessel, and the award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. section 2412. (*See id.*). The Complaint states two claims for relief: Count I, titled "Equitable Relief Under Rule 41(g) Motion for Return of Property" (*id.* 6); and Count II, titled "Fifth Amendment Procedural Due Process" (*id.* 7).

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (*See generally* Mot.). They assert beginning on April 12, 2019, CBP posted notice of the seizure and intent to forfeit the Vessel on www.forfeiture.gov, an official internet government website. (*See id.* 2). Plaintiff filed this suit on April 12, 2019, but on

---

[1] The crew was removed and flown to Haiti, as required under CBP form I-259; and the charter party's "several thousand pounds of cargo" remain onboard the Vessel. (*See* Compl. ¶¶ 13, 15).

May 6, 2019, in the nonjudicial civil proceedings against the Vessel, Plaintiff filed a claim and delivered a $5,000 cost bond, fulfilling the requirements of 19 U.S.C. section 1608 to request the commencement of judicial action. (*See id.* (citing Plaintiff's Supplement to Renewed Expedited Motion for Preliminary Injunction [ECF No. 18] 1–2[2])). On May 16, 2019, CBP referred Plaintiff's administrative claim to the U.S. Attorney's Office, requesting judicial forfeiture proceedings be instituted against the Vessel. (*See id.*).

Defendants state (1) because civil forfeiture proceedings have been instituted against the Vessel, relief is not available under Rule 41(g); and (2) Plaintiff's claim in the civil forfeiture proceeding confirms Plaintiff has an adequate remedy at law and the Court should deny the request to provide equitable relief. (*See id.* 5–10). Plaintiff asserts despite filing a claim and cost bond, it still has no adequate remedy at law for its constitutional claims (*see* Resp. 2–8); and equity demands the Court intervene and exercise its equitable jurisdiction (*see id.* 8–9). The Court considers the arguments below.

## II.

A defendant may attack subject matter jurisdiction under Rule 12(b)(1) in two ways — a facial attack or factual attack. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A facial attack asserts a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint. *See id.* In a facial attack, the plaintiff's allegations are taken as true for purposes of the motion, *see id.*, and the plaintiff is afforded safeguards similar to those provided in challenging a Rule 12(b)(6) motion, *see Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

In contrast, a factual attack "challenges the existence of subject matter jurisdiction in fact,

---

[2] In the Supplement, Plaintiff states it "is not waiving any of its claims alleged in the Complaint in this case by delivering, under duress, a claim and cost bond to CBP so as not to waive its rights." (Supp. 2).

irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Menchaca*, 613 F.2d at 511(citation omitted). In a factual attack, courts are free to weigh the evidence to satisfy themselves they have the power to hear the case. *See Lawrence*, 919 F.2d at 1529 (citation omitted). No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim. *See id*. (citation omitted). Moreover, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (alteration added; citations and footnote call number omitted).

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

### III.

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g) (alteration added). "When property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41[(g)] motion is not available." *United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997) (alteration added) (citing *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989)). The proper mechanism for recovering property subject "to civil forfeiture is not the filing of a Rule 41[(g)] [m]otion, but filing a claim in the civil forfeiture action." *Castro*, 883 F.2d at 1019 (alterations added; citations omitted).

4

Nevertheless, "[w]hen a party seeks relief from a civil forfeiture under Rule 41(g), the district court can only exercise jurisdiction over the claim under two narrow circumstances." *United States v. Bynum*, – F. App'x –, 2019 WL 2451030, at *2 (11th Cir. June 12, 2019) (alteration added; citation omitted). Courts "may have jurisdiction when the agency refuses to consider a request that it exercise its discretion." *Id.* (citation omitted). Also, "'under limited circumstances' [courts] may exercise equitable jurisdiction over agency forfeiture decisions." *Id.* at *3 (alteration added; quoting *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999)). As explained recently by the Eleventh Circuit in affirming the undersigned in *Bynum*,

> "[J]urisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." . . . A court may contemplate the following considerations when deciding whether to exercise equitable discretion: "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of property; (4) whether the petitioner has an adequate remedy at law." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

*Id.* (alterations added; internal citation omitted). "Equitable jurisdiction is 'highly discretionary and must be exercised with caution and restraint.'" *United States v. Simon*, 609 F. App'x 1002, 1007 (11th Cir. 2015) (quoting *In re Sixty Seven Thousand Four Hundred Seventy Dollars*, 901 F.2d 1540, 1544 (11th Cir. 1990)).

Here, it is undisputed Plaintiff has requested CBP initiate non-judicial civil forfeiture proceedings against the Vessel under 19 U.S.C. section 1703.[3] Plaintiff even acknowledges it has filed a claim and delivered a cost bond, "under duress," requesting the Vessel be referred to the U.S. Attorney's Office for the initiation of judicial civil forfeiture proceedings. (Supp. 2).

---

[3] As Defendants explain (*see* Mot. 5, n. 2), while nonjudicial civil forfeiture proceedings are generally governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. section 983, the Customs laws codified in Title 19 of the United States Code are excluded. *See* 18 U.S.C. § 983(i)(2)(A).

5

Defendants advise the U.S. Attorney's Office is presently reviewing the case in preparation for filing a civil forfeiture action. (*See* Mot. 9, n. 4). On this record, the first narrow circumstance for the Court's exercise of jurisdiction, that the agency refuses to consider a request it exercise its discretion, *see Bynum*, 2019 WL 2451030, at *2, is not established.

The second, limited circumstance for the Court to exercise equitable jurisdiction over an agency's forfeiture decision requires that Plaintiff demonstrate the merits of its position require judicial review to prevent "manifest injustice." *Bynum*, 2019 WL 2451030, at *3 (internal quotation marks and citations omitted). In Count I, Plaintiff alleges its rights under the Fourth and Fifth Amendments have been violated (*see* Compl. 6–7); and in Count II, it raises the Fifth Amendment due process clause to complain about the "lack of adequate notice of the facts of the purported violation" (*id.* ¶ 41). "[F]ederal courts lack jurisdiction to review the merits of administrative forfeiture decisions but may 'determin[e] whether the agency followed the proper procedural safeguards." *Simon*, 609 F. App'x at 1005 (first alteration added; second alteration in original) (quoting *Mesa Valderrama*, 417 F.3d at 1194). As to Plaintiff's assertion of a due process violation, "[d]ue process requires that notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1006 (alteration added; internal quotation marks and citations omitted).

Plaintiff received the Notice of Seizure dated April 5, 2019. (*See* Compl. ¶ 16). The Notice of Seizure is directed to Peter Quinter of Gray Robinson; it references "Eva De Shipping/Milfort Sanon" and "Case Number 2019-000430-01/JP;" it notifies Mr. Quinter CBP seized the Vessel and inventory on March 20, 2019; it lists the appraised value of the property as $320,000.00; and it explains the Vessel was seized pursuant to 19 U.S.C. section 1703 "(vessels outfitted for smuggling)." (Notice of Seizure 1). The Notice's purpose is to advise Mr. Quinter of the options

available: filing a petition with the CBP seeking remission of the forfeiture under 19 U.S.C. section 1618 (*see id.* 1–2); making an offer in compromise in accordance with 19 U.S.C. section 1617 (*see id.* 2–3); electing to abandon the property (*see id.* 3); requesting the matter be referred to the U.S. Attorney, including posting a cost bond, and if so, "the case will be referred promptly to the appropriate U.S. Attorney for the institution of judicial proceedings in Federal court to forfeit the seized property in accordance with 19 U.S.C. § 1608" (*id.* 3); taking no action (*see id.* 4); and submitting an offer to pay the full appraised value of the property to obtain release of the property (*see id.*). Plaintiff has availed itself of one of the legal remedies enumerated in the Notice of Seizure by filing a claim and delivering a cost bond to request the Vessel be referred to the U.S. Attorney's Office for judicial action. (*See generally* Supp.).

As stated, Plaintiff alleges the Notice of Seizure is constitutionally deficient because it does not describe the facts underlying the reason for the seizure or how the Vessel is allegedly outfitted for smuggling. (*See* Compl. ¶¶ 16, 17). In *City of West Covina v. Perkins*, 525 U.S. 234 (1999), the Supreme Court held the Constitution does not require the government "give detailed and specific instructions or advice to owners who seek return of property lawfully seized." *Id*. at 236. The government is only required to take reasonable steps to inform the owner "the property has been taken so the owner can pursue available remedies for its return." *Id.* at 240 (citation omitted). The government need not include "additional information in the notice, including the underlying factual basis for the seizure, the court case or arrest number connected with the seizure, and the various details of the forfeiture process." *Brown v. Dist. of Columbia*, 115 F. Supp. 3d 56, 69 (D.D.C. 2015); *see also Juda v. Nerney*, 149 F.3d 1190, at *5 (Table) (10th Cir. 1998) (finding constitutionally adequate notice where owner received timely notice but claimed content of notice was deficient because it failed to specify the source of the check or detail the illegal acts

authorizing forfeiture; "we have found no case law supporting [the] suggestion that we require a particularized narrative of allegedly illegal acts" (alteration added)); *Rodriguez v. U.S. Dept. of Justice*, 4 F. App'x 104, 107 (2d Cir. 2001) (forfeiture "notices were also sufficient because they set forth in understandable terms the nature and authority for the forfeiture proceedings and the means by which [the owner] could (a) challenge the forfeiture by filing a claim and cost bond and/or (b) seek remission and mitigation" and rejecting claim the notices were deficient "in both form and content" (alteration added)).

Plaintiff also insists the Notice of Forfeiture failed to comply with CBP's notice regulation, 19 C.F.R. section 162.31(b) (*see* Resp. 2), requiring Plaintiff "guess at the factual basis for the seizure" (*id.* 3), and thus resulting in a constitutional violation that requires the Court exercise its equitable jurisdiction (*see generally id.*). The applicable regulation requires the notice of liability to forfeiture contain "[a] description of the specific acts or omissions forming the basis of the alleged violations." 19 C.F.R. § 162.31(b)(2) (alteration added). The Government does not acknowledge it failed to follow its own regulation, but implies if it had, such violation was *de minimis* and does not deprive Plaintiff of constitutional due process. (*See* Reply 3 (citing *Gov't of Canal Zone v. Brooks*, 427 F.2d 346, 348 (5th Cir. 1970) (finding the defendant "was not denied due process by the Army's failure to have two witnesses attest to the delivery of the formal letter . . . as required by [the applicable regulation] since the deviation in no way deprived him of the procedural safeguard of notice or prejudiced his rights in any adjudicative proceeding (alterations added)); *United States v. Bacon*, 546 F. App'x 496, 500–01 (5th Cir. 2013)).

The Court agrees with the Government Plaintiff has not shown it has been deprived of the procedural safeguard of notice nor prejudiced in any adjudicative proceeding. (*See id.*). Plaintiff received the Notice of Forfeiture, it is aware the Government maintains the Vessel is outfitted for

8

smuggling, and it acted upon the Notice by filing a claim and delivering a cost bond to request a judicial civil forfeiture action be filed. The judicial action will commence by the filing of a civil forfeiture complaint that will "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. Rule G(2)(f). The district court in the civil forfeiture action Plaintiff has demanded has the jurisdiction to review and decide the merits underlying the forfeiture. *See Mesa Valderrama*, 417 F.3d at 1196.

Given the presumably soon-to-be filed civil forfeiture proceedings, Plaintiff has an adequate remedy at law. The second, limited circumstance for the Court to exercise equitable jurisdiction over an agency's forfeiture decision has also not been established. The undersigned agrees with the Government the Court lacks subject matter jurisdiction to entertain Plaintiff's claims.

## IV.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendants, U.S. Customs and Border Protection and its Commissioner's Motion to Dismiss Eva De Shipping, LLC's Complaint for Lack of Subject Matter Jurisdiction **[ECF No. 42]** is **GRANTED**.

Yet, given Plaintiff's concern "there are no time limitations within which CBP or the U.S. Attorney's Office must either commence or adjudicate the forfeiture" (Resp. 3 n. 2), and Defendants' failure to dispel that concern in the Reply (*see id.* 4 ("due process does not require a judicial forfeiture action be instituted a month after filing a claim in administrative proceedings or two-and-a-half months after the seizure of property")), Defendants are ordered to file a civil forfeiture complaint by no later than **August 5, 2019** or file a notice explaining the reasons for

CASE NO. 19-21394-CIV-ALTONAGA

their delay in doing so since Plaintiff submitted its claim and cost bond, failing which Plaintiff may request the Court re-open this case. The case is dismissed without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July, 2019.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record